IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 16-cv-02066-RPM

JOHN BULINSKI and
ARLENE BULINSKI,

      Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

      Defendant.

---

## ORDER FOR JUDGMENT OF DISMISSAL

---

On April 20, 2016, a large rock detached from a cliff face roughly 1/4 mile from

Plaintiffs' house near Ouray, Colorado, striking Plaintiffs' house, breaking through the south

wall and first floor of the house, and remaining lodged in the basement.

Plaintiffs' house was insured under State Farm Homeowners' Policy No. 86-J1-5793-8.

The Policy contains the following under "LOSSES NOT INSURED":

2. We do not insure under any coverage for any loss which would not have occurred in
the absence of one or more of the following excluded events. We do not insure for such
loss regardless of: (a) the cause of the excluded event or (b) other causes of the loss; or
(c) whether other causes acted concurrently or in any sequence with the excluded event to
produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated
or widespread damage, arises from natural or external forces, or occurs as a result of any
combination of these:

\*   \*   \*

b. Earth Movement, meaning the sinking, rising, shifting, expanding or contracting of
earth, all whether combined with water or not. Earth movement includes but is not
limited to earthquake, landslide, mudflow, mudslide, sinkhole, subsidence, erosion or
movement resulting from improper compaction, site selection or any other external

forces. Earth movement also includes volcanic explosion or lava flow, except as specifically provided in SECTION I - ADDITIONAL COVERAGES, Volcanic Action.

Policy (Doc. 20-1), p. 9.

Plaintiffs made a claim under the Policy. State Farm denied coverage on the ground that the loss was caused by "earth movement" within the meaning of this exclusion. Plaintiffs filed claims in this Court for breach of contract; unreasonable denial of benefits under C.R.S. § 10-3-1115/1116; and common law bad faith. Now before the Court are (1) Plaintiff's Motion for Partial Summary Judgment (Doc. 20), seeking a determination that the earth movement exclusion does not apply; (2) State Farm's Cross Motion for Summary Judgment (Doc. 24), requesting summary judgment on all claims; and (3) Plaintiff's Motion to Assert Punitive Damages Pursuant to C.R.S. 13-21-102(1.5)(A) (Doc. 22).

Where coverage is denied based on a policy exclusion "the insurer must establish that the exemption claimed applies in the particular case and that the exclusions are not subject to any other reasonable interpretations." *American Family Mut. Ins. Co. v. Johnson*, 816 P.2d 952, 953 (Colo. 1991). Exclusionary clauses must be written in clear and specific language and are to be interpreted against defeat of coverage. *E.g., Bohrer v. Church Mut. Ins. Co.*, 965 P.2d 1258, 1262 (Colo. 1998). Courts review the relevant provisions to determine whether there is an ambiguity, meaning terms that that "are reasonably susceptible to different meanings." *Pub. Serv. Co. of Colo. v. Wallis and Cos.*, 986 P.2d 924, 933 (Colo. 1999). Ambiguous terms are construed against the insurer and in favor of providing coverage. *Cyprus Amax Minerals Co. v. Lexington Ins. Co.*, 74 P.3d 294, 299 (Colo. 2003).

Plaintiffs argue that the flaw in State Farm's denial of coverage is that it did not

determine, in its investigation of the claim, what specific force caused the rock to break free, and consequently it never has, and cannot, articulate how any particular seismic, geological, or other force which would generally be considered "earth movement" had anything to do with this event. Therefore, Plaintiffs argue, State Farm cannot meet its burden of proving "that the exemption claimed applies in the particular case and that the exclusions are not subject to any other reasonable interpretations." *American Family*, 816 P.2d at 953.

There is no genuine dispute that for no known specific reason a large rock broke loose and fell, causing Plaintiffs' loss. State Farm has obtained an expert opinion that, to a reasonable degree of engineering probability, erosion, expansion/contraction of the earth due to abundant and abnormally high moisture, and ice seeping into crevices in a cliff face caused the rock to fall. It is not necessary to consider that opinion in order to determine that the earth movement exclusion applies. If a loss would not have occurred in the absence of "earth movement" as defined in the Policy, the "lead-in" language of the exclusion unambiguously excludes coverage for losses caused by earth movement as defined by the exclusion.

Here, Plaintiffs' loss was caused by the movement of a large rock. That event clearly and unambiguously falls within the Policy definition of earth movement, whether it is considered to be one of the "included but not limited to" named examples—such as erosion[1] or landslide[2]—or simply to fall within the broader language excluding "the sinking, rising, shifting, expanding or contracting of earth," and "movement resulting from … any other external forces." *See Parker v.*

---

[1] "Erosion" is not defined in the Policy, but is defined generally as "the process by which the surface of the earth is worn away by the action of water, glaciers, winds, waves, etc." *Dictionary.com Unabridged*, Random House Inc. (accessed June 1, 2017), viewable at http://www.dictionary.com/browse/erosion.

[2] "Landslide" is defined generally as "the downward falling or sliding of a mass of soil, detritus, or rock on or from a steep slope." *Dictionary.com Unabridged* (accessed June 1, 2017), viewable at http://www.dictionary.com/browse/landslide.

*Safeco Ins. Co. of America*, 376 P.3d 114, 119 (Mont. 2016) (holding that a nearly-identical provision excluded coverage for a loss resulting from the fall of a large boulder; concluding that "the clear intent of the Safeco policy language was to broadly exclude coverage for any and all types of earth movement," including the fall of a single rock).

Plaintiffs' argument that coverage is provided by the Policy's "falling object" provision also fails. Regardless of the provision under which coverage is claimed, the Policy's exclusion section plainly states: "We do not insure under <u>any coverage</u> for any loss which would not have occurred in the absence of one or more of the following excluded events…." (Emphasis added.) This exclusion applies to the "falling object" coverage, if it applies.

In short, by writing this broad exclusion for earth movement, State Farm did not accept this risk of loss.

Finally, as Plaintiffs' attorney acknowledged at the hearing on these motions, if there is no coverage for this loss, Plaintiffs' other claims also fail.

Accordingly, it is

ORDERED that State Farm's Cross Motion for Summary Judgment is GRANTED and judgment shall enter dismissing this action; it is

FURTHER ORDERED that Plaintiffs' Motion for Partial Summary Judgment is DENIED; and it is

FURTHER ORDERED that Plaintiffs' Motion to Assert Punitive Damages Pursuant to C.R.S. 13-21-102(1.5)(A) is DENIED.

DATED:   June 7, 2017

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior Judge